IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CLIFTON ALEXANDER WALLACE, #123074**                          **PLAINTIFF**

v.                                        **CIVIL ACTION NO. 5:15-CV-23-DCB-MTP**

**MANAGEMENT AND TRAINING
CORPORATION, et al..**                                          **DEFENDANTS**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Motion for Summary Judgment [34] filed by Defendant Management & Training Corporation. Having considered the Motion, the record, and the applicable law, the undersigned recommends the Motion for Summary Judgment [34] be granted and that Plaintiff's claims against all Defendants be dismissed without prejudice.

### BACKGROUND

On March 3, 2015, Plaintiff Clifton Alexander Wallace, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983. Plaintiff's claims arose while he was housed at Wilkinson County Correctional Facility ("WCCF").[1] In his complaint, Plaintiff asserts he was assaulted by four officers after arriving at WCCF from another correctional facility. Plaintiff asserts claims against Management & Training Corporation, Officer George, and Officer Langley.[2]

Specifically, Plaintiff alleges that on July 29, 2014, a "black team" comprised of Officer George, Officer Langley, and two other unidentified officers punched and kicked him while he was still in hand cuffs and leg restraints. Plaintiff alleges that he suffered a chipped tooth and a black eye as a result of the incident. After the assault, Plaintiff claims that he was taken to the medical department where he received medical care. Allegedly, he then talked to a case manager and was

---

[1] Plaintiff is currently housed at South Mississippi Correctional Institution.
[2] Officer George and Officer Langley are two unserved defendants.

1

assigned a cell number. Plaintiff asserts that a few days later he wrote Warden Walker regarding this incident.

As relief, Plaintiff seeks monetary damages and dental work. On October 24, 2015, Defendant Management & Training Corporation filed a Motion for Summary Judgment [34] asserting that Plaintiff failed to exhaust his administrative remedies. This Court ordered Plaintiff to respond to the motion. *See* Order [40]. Plaintiff responded on February 1, 2016. *See* Response [41].

## STANDARD FOR SUMMARY JUDGMENT

A motion for summary judgment will be granted only when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The Court must view "the evidence in the light most favorable to the nonmoving party." *Id.* However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## ANALYSIS

In its Motion for Summary Judgment [34], Defendant Management & Training Corporation asserts that Plaintiff failed to exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. "Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). The Fifth Circuit held that "[s]ince exhaustion is a threshold issue that courts must address to

determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id.* at 272. Because exhaustion is an affirmative defense, the Defendant bears the burden of demonstrating that Plaintiff failed to exhaust available administrative remedies. *Id.* at 266.

The Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement. *Johnson v. Ford*, 261 Fed. App'x 752, 755 (5th Cir. 2008) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)). A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

The record demonstrates that an Administrative Remedy Program ("ARP") was in place at WCCF during Plaintiff's placement there. (Affidavit of Janice Fountain – Administrative Remedy Program Director [34-1] at 1.) WCCF's ARP has a two-step process described in the inmate handbook. *See* [43]. The record reflects that Plaintiff submitted his first step grievance regarding this incident on January 5, 2015. (ARP Record [34-1] at 5.) However, Plaintiff's grievance was rejected because more than 30 days had elapsed between the incident and the filing of the grievance.[3] Plaintiff then resubmitted in his first step grievance on January 20, 2015, alleging the same facts he submitted his first attempt at the ARP process. *Id.* 11-12. This grievance was accepted. *Id.* at 11. Plaintiff then filed this action on March 3, 2015. *See* [1]. On July 31, 2015, Administrators responded to Plaintiff's APR first step grievance. (ARP Record [34-1] at 14.) Plaintiff then elected to proceed to step two of the APR process on August 16, 2015. *Id.* at 15. The APR process was concluded on

---

[3] The incident allegedly occurred on July 29, 2014. Plaintiff filed his grievance on January 5, 2015.

3

September 25, 2015, with a finding that there was no evidence supporting Plaintiff's allegations. *Id.* at 16.

In Plaintiff's Response [41], he submits that he fully exhausted administrative remedies on September 25, 2015, when Warden Bradley responded to his second step grievance. [41] at 1. He also alleges that the living conditions at WCCF were poor following his assault and that Defendants knew of this. *Id.* at 2. He argues that his cell was "filthy," poorly lit, had inadequate plumbing, and had dangerous wiring. *Id.* However, Plaintiff has not demonstrated that somehow these living conditions prevented him from filing with the ARP program or how these conditions may entitle him to waiver, estoppel, or equitable tolling. *See Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003) overruled on other grounds by *Jones v. Bock* 549 U.S. 199, 214–15 (2007). In fact, Plaintiff did file grievances while housed at WCCF; he simply did not complete the ARP process before filing this current action.

The record supports a finding that Plaintiff did not exhaust his administrative remedies before filing suit. As the administrative remedies process was not completed until September 25, 2015, more than six months after Plaintiff filed this suit on March 3, 2015, the claims against all Defendants should be dismissed without prejudice. *See Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012)("District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.")[4]

---

[4] Although Defendants George and Langley are not before the Court and could not join in the Defendant's Motion[34], Plaintiff's claims against them should be dismissed without prejudice. *Lewis v. Lynn,* 236 F.3d 766, 768 (5th Cir. 2001); *Blake v. McCormick*, No. 5:06CV273, 2007 WL 1671732, at *5 (E.D. Tex. June 8, 2007) (holding that the affirmative defense of exhaustion raised by defendants in their motions for summary judgment "inures to the benefit of any unserved or defaulting defendants").

**CONCLUSIONS AND RECOMMENDATIONS**

Based on the foregoing, the undersigned recommends that:

1. The Motion for Summary Judgment [34] be GRANTED,

2. Plaintiff's claims against all Defendants be **dismissed without prejudice**.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 22nd day of February, 2016.

                                            s/ Michael T. Parker
                                            United States Magistrate Judge